ORIGINAL

NICOLE A. DILLER, State Bar No. 154842
DONALD P. SULLIVAN, State Bar No. 191080
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: ndiller@morganlewis.com

Attorneys for Defendant
THE PEP BOYS -- MANNY, MOE & JACK, INC.

FILED

2008 FEB 15  PM 3: 50

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE MACHADO, individually and on
behalf of all other similarly situated, and
the general public,

                    Plaintiffs,

          vs.

THE PEP BOYS -- MANNY, MOE &
JACK, INC. a Pennsylvania corporation,
its predecessors, successors, subsidiaries,
and/or assigns, and DOES 1 through 10,
inclusive,

                    Defendants.

Case No.  '08 CV 0310 LAB RBB

NOTICE OF REMOVAL

BY FAX

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7656022.1

NOTICE OF REMOVAL
(CASE NO. _____)

1    TO THE CLERK OF THE ABOVE-TITLED COURT:

2    PLEASE TAKE NOTICE that Defendant THE PEP BOYS – MANNY, MOE & JACK,

3    INC. ("Defendant" or "The Pep Boys"), by and through its counsel, removes the above-entitled

4    action from the Superior Court of the State of California for the County of San Diego to this

5    Court pursuant to 28 U.S.C. §§ 1331 and 1441. This removal is based on the following grounds:

6    1.    On or about December 31, 2007, Plaintiff Jose Machado ("Plaintiff") filed a civil

7    class action in the Superior Court of the State of California for the County of San Diego, entitled

8    *Jose Machado v. The Pep Boys – Manny, Moe & Jack, Inc.*, Case Number 37-2007-00084854-

9    CU-OE-CTL. The state court issued summons on December 31, 2007. Plaintiff personally

10    served on Defendant's agent for service of process on January 17, 2008. A true and correct copy

11    of the summons, complaint , civil case cover sheet, notice of case assignment, and related

12    materials that were served on Defendant on January 17, 2008 are attached as Exhibit 1.

13    2.    This action is a civil action over which this Court has original jurisdiction under 28

14    U.S.C. § 1331 and 29 U.S.C. § 1132(e), and may be removed to this Court pursuant to 28 U.S.C.

15    § 1441(b) in that it arises under the Employee Retirement Income Security Act of 1974, as

16    amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendant maintains, and at all times relevant to

17    this action maintained, an "employee welfare benefit plan" (the "Plan") within the meaning of

18    ERISA § 3(1), 29 U.S.C. § 1002(1), through which Defendant funds vacation time and benefits

19    for its employees. Plaintiff seeks vacation pay benefits (First Cause of Action), waiting time

20    penalties for Defendant's alleged failure to pay vacation benefits upon termination from

21    employment (Second Cause of Action), and relief for unlawful business practices for Defendant's

22    alleged failure to pay vacation benefits (Third Cause of Action). During his employment with

23    Defendant, Plaintiff was a "participant" in the Plan, within the meaning of ERISA § 3(7), 29

24    U.S.C. § 1002(7). Because the Plan governs the terms and conditions of any vacation pay

25    benefits to which Plaintiff has or had any claim, ERISA completely preempts this action.

26    3.    Plaintiff's state law claims described above against Defendant are completely

27    preempted by ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), which permits plan

28    participants to bring a civil action to recover benefits due under an ERISA plan. A plan

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  participant's state law claims relating to an ERISA-governed plan are completely preempted by

2  ERISA, and the district courts have removal jurisdiction over such claims. *Ingersoll-Rand Co. v.*

3  *McClendon*, 498 U.S. 133, 145 (1990); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66

4  (1987) (*Taylor*); *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983). A state law claim is preempted

5  if it "relates to" an employee benefit plan. *Id.* Plaintiff's claims relate to the Plan as they seek

6  benefits from the Plan. Complete preemption is an exception to the "well-pleaded complaint"

7  rule. Thus, if a state claim falls within the scope of ERISA's preemption, removal is proper even

8  if an ERISA claim does not appear on the face of the complaint. *Taylor*, 481 U.S. at 63.

9      4.      This Court consequently has removal jurisdiction over this action pursuant to 29

10  U.S.C. § 1132 and 28 U.S.C. §§ 1331, 1441. To the extent the Court concludes any of Plaintiff's

11  claims are not preempted, the Court has supplemental jurisdiction over such remaining claims.

12      5.      Defendant's agent for service of process was served with the complaint and the

13  documents attached as Exhibit 1 on January 17, 2008. No pleadings or papers have been filed,

14  served, or received by Defendant in this action other than the documents attached as Exhibit 1.

15      6.      Defendant has filed this petition with this Court within thirty days of it first

16  receiving a copy of the initial pleading in the above-titled action.

17      7.      As the Plaintiff filed this action in the Superior Court of the State of

18  California, County of San Diego, removal to the United States District Court, Southern District of

19  California, is proper under 28 U.S.C. § 1441(a).

20      8.      As required by 28 U.S.C. § 1446(d), Defendant will give notice of this removal to

21  Plaintiff through his attorneys of record.

22      9.      As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the

23  Superior Court of the State of California in and for the San Diego.

24  Dated: February 15, 2008                    MORGAN, LEWIS & BOCKIUS LLP

25                                              By _____

26                                              Donald P. Sullivan
                                                Attorneys for Defendant
27                                              THE PEP BOYS -- MANNY, MOE &
                                                JACK, INC.
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7656022.1                    2                    NOTICE OF REMOVAL
                                                      (CASE NO. _____)

EXHIBIT 1

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO)**
THE PEP BOYS -- MANNY, MOE & JACK, INC., a Pennsylania
corporation, its predecessors, successors,
subsidiaries, and/or assigns, and DOES 1 through 10,
inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

'DEC 31 PM 3:52

COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JOSE MACHADO, individually and on behalf of all
others similarly situated, and the general public,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
San Diego County Superior Court
~~East County Courthouse~~ HALL OF JUSTICE
~~250 E. Main Street~~ 330 W BROADWAY
~~El Cajon, CA 92020~~   SAN DIEGO CA 92101   C.P.
(619)441-4100

**CASE NUMBER:**
(Número del Caso:)
37-2007-00084854-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Aaron Kaufmann
Hinton, Alfert & Sumner                          (925)932-6006
1646 N. California Blvd., Suite 600
Walnut Creek, CA 94596

DATE:        DEC 3 1 2007        Clerk, by    C. Selinsky                        , Deputy
(Fecha)                          (Secretario)                                   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): The Pep Boys - Manny, Moe & Jack, Inc

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 1/17/08

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**


Legal
Solutions
Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

1  DANIEL FEINBERG, Cal. Bar No. 135983
   LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
2  1330 Broadway, Suite 1800
   Oakland, California  94612
3  Telephone: (510) 839-6824
   Facsimile:  (510) 839-7839
4
5  AARON KAUFMANN, Cal. Bar No. 148580
   DAVID P. POGREL, Cal. Bar No. 203787
6  HINTON, ALFERT & SUMNER
   1646 N. California Blvd., Suite 600
7  Walnut Creek, California  94596
   Telephone: (925) 932-6006
8  Facsimile:  (925) 932-3412

9  Attorneys for PLAINTIFF

10

11              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      FOR THE COUNTY OF SAN DIEGO

13  JOSE MACHADO, individually and on behalf of      Case No.    37-2007-00084854-CU-OE-CTL
    all others similarly situated, and the general
14  public,                                          **CLASS ACTION**

15                  Plaintiffs,                       **COMPLAINT FOR DAMAGES AND
                                                      EQUITABLE RELIEF**
16          v.
                                                      **(1) VESTED VACATION TIME AND PAY
17  THE PEP BOYS – MANNY, MOE & JACK,                     (LAB. CODE §§ 218, 227.3);
    INC. a Pennsylvania corporation, its              (2) WAITING TIME PENALTIES
18  predecessors, successors, subsidiaries, and/or        (LAB. CODE  §§ 201-203);
    assigns, and DOES 1 through 10, inclusive,        (3) UNLAWFUL BUSINESS PRACTICES
19                                                         (BUS. & PROF. CODE §§ 17200-17208);
                    Defendants.                       (4) INJUNCTIVE RELIEF;
20                                                    (5) DECLARATORY RELIEF; and
                                                      (6) REASONABLE ATTORNEYS'S FEES
21                                                        AND COSTS**

22                                                    **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

                    COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    Plaintiff Jose Machado ("Plaintiff"), on behalf of himself and all others similarly situated

2    and the general public, complains and alleges as follows:

3    ## I.    INTRODUCTION

4    1.    This is a class action, under California Code of Civil Procedure § 382, seeking

5    vested vacation time, pay and interest thereon; waiting time penalties; declaratory relief; injunctive

6    and other equitable relief; and reasonable attorneys' fees and costs, under California Labor Code

7    §§ 203, 218, 218.5, 227.3, and Code of Civil Procedure §§ 1021.5 and 1060, on behalf of Plaintiff

8    and all other individuals who are or have been employed by Defendant The Pep Boys – Manny,

9    Moe & Jack, Inc. (hereinafter "Pep Boys") in California (hereinafter collectively "Class

10    Members") and who have left PEP BOYS employ at any time during the four years prior to the

11    filing of this action and who received paid vacation.  Plaintiff, on behalf of himself and the Class

12    Members, also seek injunctive relief and restitution of all unjust enrichment Defendant has enjoyed

13    from its failure to credit employees with vacation time that vests as labor is rendered and to pay for

14    vested vacation time under Business and Professions Code §§ 17200-17208.

15    2.    The "Class Period" is designated as the period from four years prior to the filing of

16    this action through the trial date based upon the allegation that the violations of California's wage

17    and hour laws, as described more fully below, have been ongoing for at least the past four years.

18    During the Class Period, Defendant has had an unlawful vacation policy, under Labor Code §

19    227.3, whereby they deny Class Members vested vacation time and pay.

20    3.    Defendant has willfully failed and refused, and continues to fail and refuse, to

21    timely pay vested vacation compensation to former hourly employees at the conclusion of their

22    employment with Defendant, entitling these former employees to statutory penalties, under Labor

23    Code §§ 201-203.

24    ## II.    JURISDICTION

25    4.    This Court has jurisdiction over Plaintiff's and Class Members' claims for vested

26    vacation time and compensation under Labor Code § 218 and under Code of Civil Procedure §

27    410.10.

28

- 1 -
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

5.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for penalties for failure to pay discharged employees for their vested, unused vacation time under Labor Code § 203 and Code of Civil Procedure § 410.10.

6.    This Court has jurisdiction over Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten gains arising from Defendant's unlawful business practices, under Business & Professions Code §§ 17203 and 17204 and Code of Civil Procedure § 410.10.

7.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for declaratory relief, under Code of Civil Procedure § 1060.

### III.    VENUE

8.    Venue as to Defendant is proper in this judicial district, under Code of Civil Procedure § 395(a). Defendant has maintained automobile parts and service centers and transacted business during the Class Period, and/or has an agent in San Diego County, and Defendant is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within San Diego County. Defendant PEP BOYS has employed numerous Class Members in San Diego County during the Class Period.

### IV.    PARTIES

A.    **Plaintiff**

9.    Plaintiff Jose Machado resides in California. Plaintiff was employed by Defendant from approximately October 2002 to December 2006. During the relevant times herein Plaintiff was employed as a sales associate and later as a second assistant manager at a Pep Boys store in El Cajon. Plaintiff was subject to PEP BOYS unlawful vacation policy set forth herein. Throughout his tenure Plaintiff was paid on an hourly basis and, on information and belief, treated by Defendant PEP BOYS as eligible to accrue vacation under its vacation policy. Under Defendant's policy, Plaintiff and similarly-situated employees were awarded vacation time on their anniversary date, forfeited any unused vacation time as of their next anniversary date, and were not paid vacation accruals earned between their anniversary date and the date that employment terminated.

1  As a result of Defendant's policy, Plaintiff forfeited accrued vacation when he left PEP BOYS

2  employ.

3  **B.    Defendant**

4       10.    Defendant PEP BOYS is a publicly-held company, incorporated under the laws of

5  the State of Pennsylvania.  Plaintiff is informed and believes, and based thereon alleges, that

6  Defendant PEP BOYS owns and operates more than  50 Pep Boys automobile parts and service

7  centers in California, and has a warehouse facility in California.  Plaintiff hereby avers his claims

8  against PEP BOYS and any of its predecessors, subsidiaries, successors and/or assigns.

9       11.    The true names and capacities, whether individual, corporate, associate, or

10  otherwise, of Defendant sued herein as DOES 1 through 10, inclusive, are currently unknown to

11  Plaintiff, who therefore sued Defendant by such fictitious names under Code of Civil Procedure §

12  474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

13  designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to

14  herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

15  capacities of the Defendant designated hereinafter as DOES when such identities become known.

16       12.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant

17  acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint

18  scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are

19  legally attributable to the other Defendants.

20            **V.    FACTUAL BACKGROUND**

21       13.    Defendant operates, and at all times during the liability period, has done business in

22  San Diego County and elsewhere within California.

23       14.    Since at least four years prior to the filing of this action, Defendant has afforded

24  paid vacation time to certain employees in California.

25       15.    Defendant's vacation policy provides that certain employees who are actively

26  employed on their anniversary date are eligible for vacation time.  The policy also provides that

27  employees who do not use their vacation time before their next anniversary date forfeit any unused

28  vacation time. The policy further provides that employees who leave PEP BOYS prior to passing

---

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  their anniversary date forfeit all accrued vacation.  Consequently, employees whose employment

2  terminates before completion of an anniversary year do not accrue vacation benefits for that period.

3  Defendant has maintained this same vacation policy or one substantially similar for at least four

4  years preceding the filing of this action.

5         16.  ·  California law provides that vacation time vests proportionately as labor is rendered;

6  that upon termination of employment an employee is entitled to a pro rata share of vested vacation

7  pay; and that accrued vacation is part of an employee's wages and thus cannot be forfeited.  See

8  Calif. Labor Code § 227.3; Suastez v. Plastic Dress-Up Co., 31 Cal. 3d 774, 183 Cal. Rptr. 846

9  (1982).  Defendant's vacation policy violates this law by, among other things: (1) denying

10  employees the right to have vacation time vest proportionally as they work throughout the year;

11  and (2) causing a forfeiture of vested vacation for employees whose employment terminates on any

12  day other than the employee's anniversary date, for the remainder of the class period.

13         17.  Plaintiff was harmed by Defendant's unlawful vacation policy.  For instance, when

14  his employment terminated in or about December 2006, Plaintiff was not paid for his vacation time

15  earned since his last anniversary date in or about October 2006.

16                    **VI.    CLASS ACTION ALLEGATIONS**

17         18.  Plaintiff brings this action, on behalf of himself and all others similarly situated and

18  the general public, as a class action pursuant to Code of Civil Procedure § 382.  The Class that

19  Plaintiff seeks to represent is composed of and defined as all persons who have been employed by

20  Defendant in California as at any time from four years prior to the filing of this action through trial

21  and were subject to Defendant's vacation forfeiture policy and were not covered by a collective

22  bargaining agreement.

23         19.  This action has been brought and may properly be maintained as a class action

24  under Code of Civil Procedure § 382 because there is a well-defined community of interest in the

25  litigation and the proposed class is easily ascertainable:

26              a.    Numerosity:  The potential members of the Class as defined are so numerous

27  that joinder of all the members of the Class is impracticable.  While the precise number of Class

28  Members has not been determined at this time, Plaintiff is informed and believes that Defendant

- 4 -
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    has employed thousands of persons as full-time employees in California during the Class Period.

2    Joinder of all members of the proposed class is not practicable.

3              b.    Commonality:  There are questions of law and fact common to the Plaintiff

4    and the Class that predominate over any questions affecting only individual members of the Class.

5    These common questions of law and fact include, without limitation:

6                    (i)    Whether Defendant violated Labor Code § 227.3 by denying Plaintiff

7    and Class Members their vested vacation time and compensation.

8                    (ii)    Whether Defendant violated Business and Professions Code § 17200

9    by failing to pay for or otherwise provide vested vacation compensation to Plaintiff and Class

10   Members.

11                   (iii)    Whether Defendant violated Labor Code §§ 201-203 by failing to

12   pay Plaintiff and Class Members for unused, vested vacation time when Plaintiff's and Class

13   Members' employment with Defendant terminated.

14                   (iv)    The proper formula for calculating restitution, damages, and waiting

15   time penalties owed to Plaintiff and Class Members.

16             c.    Typicality:  Plaintiff's claims are typical of the claims of the Class.  Plaintiff

17   and Class Members sustained injuries and damages arising out of and caused by Defendant's

18   common course of conduct in violation of law as alleged herein.

19             d.    Adequacy of Representation:  Plaintiff is a member of the Class and will

20   fairly and adequately represent and protect the interests of the Class Members.  Counsel who

21   represent the Plaintiff is competent and experienced in litigating large wage and hour and other

22   employment class actions.

23             e.    Superiority of Class Action:  A class action is superior to other available

24   means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class

25   Members is not practicable, and questions of law and fact common to the Class predominate over

26   any questions affecting only individual members of the Class.  Each Class Member has been

27   damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or

28   practices of denying its employees' vested vacation time and pay.  Certification of this case as a

1  class action will allow those similarly situated persons to litigate their claims in the manner that is

2  most efficient and economical for the parties and the judicial system. Certifying this case as a class

3  action is superior because Plaintiff and the Class seek injunctive relief that will affect all class

4  members in a common way, and will also allow for full disgorgement of the ill-gotten gains

5  Defendant has enjoyed by maintaining its unlawful vacation policy.

6

7  **FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY VESTED VACATION PAY**
8  **(LABOR CODE § 227.3)**

9    20.    Plaintiff incorporates paragraphs 1 through 19 as though set forth herein.

10    21.    Defendant afforded Plaintiff and the Class Members paid vacation as a term of

11  employment.

12    22.    Defendant has maintained a vacation policy for at least four years prior to the filing

13  of this action that, among other things, denies employees the right to have vacation time vest

14  proportionally as they work throughout the year and causes a forfeiture of vested vacation for

15  certain employees whose employment terminates on any day other than their respective

16  anniversary date and also for certain employees who do not use all of their vacation time during an

17  anniversary year. This violates California law, which requires paid vacation time to vest

18  proportionately as labor is rendered and prohibits the forfeiture of accrued vacation time.

19    23.    As a result of Defendant's unlawful vacation policy, Plaintiff and Class Members

20  have been denied vested vacation pay at time of termination of employment. This violates

21  California Labor Code § 227.3, which requires an employer to pay upon termination of

22  employment an employee his or her pro rata share of vested vacation pay.

23    24.    Plaintiff and the Class Members request relief as described below.

24  **SECOND CAUSE OF ACTION**
**WAITING TIME PENALTIES**
25  **(LABOR CODE §§ 201, 202, 203)**

26    25.    Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.

27    26.    Labor Code § 201 requires an employer who discharges an employee to pay

28  compensation due and owing to said employee immediately upon discharge. Labor Code § 202

- 6 -

1   requires an employer to promptly pay compensation due and owing to said employee within

2   seventy-two (72) hours of that employee's termination of employment by resignation. Labor Code

3   § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or

4   resignation, as required under §§ 201 and 202, then the employer is liable for waiting time

5   penalties in the form of continued compensation for up to thirty (30) work days.

6       27.    Defendant willfully failed and refused, and continues to willfully fail and refuse, to

7   pay Plaintiff and Class Members for their vested, unused vacation time promptly upon their

8   discharge or resignation, as required by Labor Code §§ 201-202. As a result, Defendant is liable to

9   Plaintiff and Class Members for waiting time penalties, together with interest thereon and

10  attorneys' fees and costs, under California Labor Code § 203.

11      28.    Plaintiff and the Class request relief as described below.

### THIRD CAUSE OF ACTION
### UNFAIR COMPETITION
### (BUS. & PROF. CODE §§ 17200-17208)

14      29.    Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

15      30.    Defendant's failure to provide vested vacation compensation, as alleged above,

16  constitutes unlawful activity prohibited by Business and Professions Code § 17200.

17      31.    As a result of its unlawful acts, Defendant has reaped and continues to reap unfair

18  benefits and illegal profits at the expense of Plaintiff and Class Members. Defendant should be

19  enjoined from this activity and ordered to disgorge these ill-gotten gains and restore to Plaintiff and

20  Class Members the wrongfully withheld vested vacation pay, under Business and Professions Code

21  § 17203.

22      32.    Plaintiff and the Class Members request relief as described below.

### FOURTH CAUSE OF ACTION
### DECLARATORY RELIEF
### (C.C.P. § 1060)

25      33.    Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

26      34.    An actual controversy has arisen and now exists between Plaintiff, Class Members,

27  and Defendant concerning their respective rights and duties under Defendant's vacation policy:

28  Defendant contends that employees accrue vacation only at the conclusion of each accrual period,

- 7 -
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   which occurs only on the employees' anniversary date, and that they forfeited certain unused
2   vacation at time of termination under Defendant's vacation policy; Plaintiff and Class Members
3   contend that this vacation policy is unlawful, as vacation benefits vest proportionately as labor is
4   rendered, accrued vacation may not be forfeited, and upon termination of employment an employee
5   is entitled to compensation for vested, unused vacation time.

6        35.    Plaintiff and Class Members desire a judicial determination and declaration of
7   respective rights and duties under Defendant's vacation policy. Specifically they seek a
8   determination as to whether Defendant's vacation policy, which allows vacation to vest only at an
9   employee's anniversary date and results in forfeitures of accrued vacation, violates California law.

10       36.    These declarations are necessary and appropriate at this time so that Plaintiff and
11  Class Members can determine their rights under Defendant's vacation policy. Defendant's
12  employees need to know whether Defendant's vacation policy is lawful so that they can plan and
13  use their vacation time appropriately and determine what wages would be owed to them upon
14  termination of employment.

15       37.    Plaintiff and the Class Members request relief as described below.

### VII.    PRAYER FOR RELIEF

17  WHEREFORE, Plaintiff on behalf of himself and the Class Members and general public he
18  seeks to represent in this action request the following relief:

19       A.    That the Court determine that this action may be maintained as a class action under
20  Code of Civil Procedure § 382;

21       B.    That the Court declare that Defendant's vacation policy violates California law by
22  not treating vacation time as vesting proportionately as labor is rendered;

23       C.    That the Court declare that Defendant's vacation policy violates California law by
24  causing a forfeiture of accrued vacation wages;

25       D.    That the Court declare that Defendant's vacation policy violates California law,
26  including Labor Code § 227.3, as it denies employees compensation for their vested, unused
27  vacation time promptly upon termination of employment;

28

- 8 -

E.    That the Court find that Defendant has violated Labor Code §§ 201, 202, and 203 for willful failure to pay Plaintiff and Class Members all compensation owed at the time of termination of employment;

F.    That the Court find that Defendant has violated Business and Professions Code § 17200 by failing to pay and otherwise denying its employees their vested vacation compensation;

G.    That the Court find that Defendant's violations as described above are found to have been willful;

H.    That the Court award to Plaintiff and those members of the Class all unused accrued vacation, plus interest thereon, under Labor Code § 227.3 subject to proof at trial;

I.    That Defendant be ordered and enjoined to pay restitution to Plaintiff and the Class due to Defendant's unlawful activities, pursuant to Business and Professions Code §§ 17200-05;

J.    That Defendant further be enjoined to cease and desist from the unlawful activities alleged herein in violation of Business and Professions Code § 17200;

K.    That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 218.5 and Code of Civil Procedure § 1021.5, and/or other applicable law; and

L.    That the Court award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: December _28_, 2007.

Respectfully submitted,

HINTON, ALFERT & SUMNER

By _____
    AARON KAUFMANN
    Attorneys for PLAINTIFF


LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.

By _____
    DANIEL FEINBERG
    Attorneys for PLAINTIFF

- 10 -
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Aaron Kaufmann   SBN 148580
Hinton, Alfert & Sumner
1646 N. California Blvd., Suite 600
Walnut Creek, CA  94596

TELEPHONE NO.: (925)932-6006    FAX NO.: (925)932-3412
ATTORNEY FOR (Name): Plaintiff Jose Machado

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 250 E. Main Street 330 W Brodway
MAILING ADDRESS: SAN DIEGO 92101
CITY AND ZIP CODE: El Cajon, CA 92020
BRANCH NAME: East County Courthouse HALL OF JUSTICE

C.P.

FOR COURT USE ONLY
07 DEC 31  P 3: 52
SAN DIEGO COUNTY, CA

| CASE NAME: Jose Machado v. Pep Boys -- Manny, Moe & Jack, Inc. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2007-00084854-CU-OE-CTL |
| | | | JUDGE: |
| | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Four
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 28, 2007

Aaron Kaufmann  SBN 148580
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    Legal Solutions Plus

Page 1 of 2
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

Auto Tort
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
Employment
  Wrongful Termination (36)
  Other Employment (15)

Contract
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach—Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
Real Property
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)
Unlawful Detainer
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
Judicial Review
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
Enforcement of Judgment
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
Miscellaneous Civil Complaint
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
Miscellaneous Civil Petition
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:        Central
TELEPHONE NUMBER:  (619) 685-6028

PLAINTIFF(S) / PETITIONER(S):    Jose Machado

DEFENDANT(S) / RESPONDENT(S):  The Pep Boys-Manny, Moe & Jack

MACHADO VS. THE PEP BOYS-MANNY, MOE & JACK

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2007-00084854-CU-OE-CTL |
|---|---|

Judge:  William R. Nevitt, Jr.                                Department: C-64

**COMPLAINT/PETITION FILED: 12/31/2007**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00084854-CU-OE-CTL        CASE TITLE: Machado vs. The Pep Boys-Manny, Moe & Jack

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Jose Machado |
|---|
| DEFENDANT(S): The Pep Boys-Manny, Moe & Jack |
| SHORT TITLE: MACHADO VS. THE PEP BOYS-MANNY, MOE & JACK |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2007-00084854-CU-OE-CTL |
|---|---|

Judge: William R. Nevitt, Jr.                                        Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program            ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                  ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                  ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____            Date: _____

_____        _____
Name of Plaintiff                        Name of Defendant

_____        _____
Signature                                Signature

_____        _____
Name of Plaintiff's Attorney             Name of Defendant's Attorney

_____        _____
Signature                                Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 12/31/2007

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)

**STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                    Page: 1

3

# UNITED STATES
# DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

## # 147740    — SR

## February 15, 2008
## 15:47:32

## Civ Fil Non-Pris

USAO #.: 08CV0310 CIV. FIL.
Judge..: LARRY A BURNS
Amount.:                    $350.00 CK
Check#.: BC#3005911

## Total—>  $350.00

FROM: MACHADO V. THE PEP BOYS
        CIVIL FILING

ORIGINAL

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
JOSE MACHADO, individually and on behalf of all other similarly situated, and the general public,

**DEFENDANTS**
THE PEP BOYS -- MANNY, MOE & JACK, INC., a Pennsylvania corporation, its predecessors, successors, subsidiaries, and/or assigns, and DOES 1 through 105 inclusive,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Philadelphia, PA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DANIEL FEINBERG, STATE BAR NO. 135983
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
510-839-6824; fax 510-839-7839

ATTORNEYS (IF KNOWN)
NICOLE A. DILLER, STATE BAR NO. 154842
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
415-442-1000; fax 415-442-1001

08 CV 0310

BY FAX

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)    This action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Plaintiff seeks relief for Defendant's alleged failure to pay vacation benefits, which Defendant funded through its ERISA Plan.  Defendant requests removal of this action from state court.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Medical Malpractice | [ ] 625 Drug Related | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury - | Seizure of | | [ ] 450 Commerce/ICC Rates/etc |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational | | [ ] 850 Securities/Commodities/ |
| [ ] 153 Recovery of Overpayment | [ ] 345 Marine Product | [ ] 370 Other Fraud | Safety/Health | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | Liability | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle | Property Damage | **LABOR** | [ ] 863 DIWC/DIWW | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | Product Liability | [ ] 385 Property Damage | [ ] 710 Fair Labor | (405(g)) | [ ] 892 Economic Stabilization |
| | [ ] 360 Other Personal Injury | Product Liability | Standards Act | [ ] 864 SSID Title XVI | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate | [ ] 730 Labor/Mgmt. | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | Reporting & | | [ ] 895 Freedom of |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **HABEAS CORPUS:** | Disclosure Act | [ ] 870 Taxes (U.S. Plaintiff | Information Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | or Defendant) | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 871 IRS - Third Party | Determination Under |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [X] 791 Empl. Ret. Inc. | 26 USC 7609 | Equal Access to Justice |
| | | [ ] 550 Civil Rights | Security Act | | [ ] 950 Constitutionality of |
| | | [ ] 555 Prison Conditions | | | State Statutes |
| | | | | | [ ] 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION    DEMAND $ unspecified    CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23    JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE Hon. Dean D. Pregerson    Docket Number 2:06-cv-07642-DDP-VB

DATE  February 15, 2008

SIGNATURE OF ATTORNEY OF RECORD  *Ronald P. Sullivan*  Nicole Diller

#147740  #350.

2/15/08

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)